# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
      JUDGE

## <u>LETTER OPINION</u>

February 7, 2008

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ 07065

      (*Attorney for Plaintiff*)

John M. Kelly
Special Assistant United States Attorney
c/o Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278

      (*Attorney for Defendant*)

      **RE:**    **Patillo v. Commissioner of Social Security**
               **<u>Civ. No. 06-5030 (WJM)</u>**

Dear Counsel:

     Plaintiff Marcia Patillo ("Plaintiff") brings this motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") § 204(a), 28 U.S.C. § 2412(d) (2000). Plaintiff seeks fees as the prevailing party in her appeal of the Commissioner's denial of social security benefits.  For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## <u>Facts and Discussion</u>

     Plaintiff filed an application for Social Security Income benefits on March 17,

2000 alleging disability as of January 17, 1996.  This case has a long history of appeals and will not be repeated here.  It is sufficient to note that on September 17, 2007, the denial of Plaintiff's benefits was remanded by the consent of the parties for a third hearing before the administrative law judge.

Plaintiff's motion for an award of attorney's fees for 29.75 hours of legal services and costs pursuant to 28 U.S.C. § 2412(d) for the September 17, 2007 remand is now before the Court.  Defendant does not oppose Plaintiff's status as the prevailing party or assert that the government's position was justified.  Defendant also does not challenge the fee rate.  Rather, Defendant argues that EAJA fees should be denied, or at least reduced, due to the failure of Plaintiff's counsel to follow L. Civ. R. 9.1.  In reply, Plaintiff's counsel argues essentially that Rule 9.1 is superfluous, and that Plaintiff's counsel is entitled to fees because the submitted brief was the proximate cause of the Commissioner's consent to remand.

Local Rule 9.1 directs plaintiffs to serve the Commissioner with a statement setting forth her primary arguments as to why she is entitled to relief.  The purpose of the rule is to "encourage early and amicable resolution of Social Security matters."  L. Civ. R. 9.1.  The defendants are given thirty days to agree with the relief and proceed in accordance with the local rules governing settlement.  *Id*.

In this case, Plaintiff failed to submit a Rule 9.1 statement, but rather expended 22.5 hours drafting and filing a near thirty-page brief.  (Pl.'s Schedule of Services.)  If Plaintiff's counsel had provided a Rule 9.1 statement to the Commissioner, Plaintiff's counsel may have been spared the 22.5 hours spent preparing Plaintiff's brief.  The claims of Plaintiff's counsel that the Commissioner would not have agreed to remand based upon the Rule 9.1 statement is pure speculation.  Furthermore, this Court cannot conclude that the 22.5 hours spent on Plaintiff's brief by her counsel was necessary and reasonable since Plaintiff's counsel did not duly file his required statement of primary contentions and arguments.

Although the Court finds that Plaintiff is the prevailing party and that the Commissioner has not substantially justified its litigating position, the Court finds that Plaintiff has failed to show that her request for attorney's fees is reasonable and justified.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  Plaintiff's failure to submit a Rule 9.1 statement as required under the local rules was unjustified.  The very rationale for Rule 9.1 is to encourage early settlement and avoid unnecessary delay and costs.  The unilateral decision of Plaintiff's counsel to disregard this procedural requirement may have unnecessarily and unreasonably protracted the resolution of the case and gained no appreciable advantage for Plaintiff.  Thus, the Court finds that an

2

award of attorney's fees for the entire 22.5 hours spent drafting and filing Plaintiff's potentially unnecessary brief would be unreasonable in light of Plaintiff's failure to abide by the local rules.

The Court, however, does recognize that Plaintiff's counsel would have expended some amount of time in drafting the required Rule 9.1 statement.  In light of the facts in this case and the Court's experience in assessing appropriate EAJA fees, it would have been reasonable for Plaintiff's counsel to spend 7.2 hours in setting forth the statement.

As the remaining 7.25 hours spent by Plaintiff's counsel would have been required even if Plaintiff's counsel had followed the relevant procedural rules, the Court finds that such time was reasonable and appropriate.  Thus, the Court will award attorney's fees for a total of 14.45 hours.  Similarly, the Court finds that costs in the amount of $350.00 for court filing fees were necessary and reasonable.

### Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**, and this Court grants Plaintiff a total fee award of $2680.06 pursuant to EAJA.  An appropriate Order accompanies this Letter Opinion.


s/William J. Martini
**William J. Martini, U.S.D.J.**